JOHN W. BREVARD ET AL. *v.* L. E. STEVENS ET AL.

[Abstract Kentucky Law Reporter, Vol. 2—226, as Brevard v. Stephens.]

**Garnishment.**

No judgment can legally be rendered against the garnishees upon their failure to answer, and when it is made to appear that the debt alleged to be due by them to the parties sued belonged to some one else, it afforded an additional reason for not rendering the judgment.

APPEAL FROM KENTON CHANCERY COURT.

February 10, 1881.

OPINION BY JUDGE PRYOR:

No judgment should have been rendered against the garnishees upon their failure to answer; and when the record showed affirmatively that the debt alleged to be due by them to the parties sued belonged to some one else, it afforded an additional reason for not rendering the judgment. The case should also have been transferred to the court at Independence. See *Wolfe v. Stephens,* 10 Ky. Opin. 647, 1 Ky. L. 122. The parties, on the return of the cause, may require Rich, Jr., to set up his claim, and the parties can then litigate their right to this fund. The motion to transfer the case should be sustained.

Judgment *reversed* and cause remanded for further proceedings consistent with this opinion.

*R. D. Handy, for appellants.*